And then, Mr. Schwartz, you will retain two minutes for rebuttal, and then we have Attorneys Brown and Burns, who I understand will each take five minutes, is that right? That's correct. Okay, good. So, Mr. Schwartz, you may proceed. Considering that we have obviously talked about a lot of the same issues, there's no reason to go over the same ground, but if you have any distinct issues that relate in particular to this case, that would be the most helpful thing. Okay. In this case, Your Honor, in the Verisma invoices, they not only say they're charging per page, but they say they're charging per page pursuant to the Public Health Law, Section 18. So they are representing affirmatively to the patients that they are following the Public Health Law limitations when they have contracted to not do that. They already know they're not going to do that. They've entered into a contract that precludes them from doing that because they're going to share millions of pages of records with the hospitals. And in this case, that's actually what happened. The plaintiffs were charged for 7 million pages between December of, between 2012 and 2019. The Verisma provided the hospitals with 24 million pages over that period of time for free. And 10 million more pages that they were restricted in billing based upon contracts and regulatory action to only about 10 cents per page. So what you have here is an actual invoice that says we are charging you pursuant to the Public Health Law when they never had any intention of doing so, and they had an underlying scheme to take that money and use it for other purposes. And I think that makes it a very different situation, in fact, that they're deceiving the patients into believing that they are being charged pursuant to a statute that the defendants never had any intention of charging under that statute. So once again, I don't know why you need to bring in the scheme aspect of this involving the money going to the hospital. Isn't your real argument that this would be a deceptive practice if they said we're charging you 75 cents a page and any profits we make by charging you more than it actually costs us to do this, we're going to donate to save the whales? And they don't donate anything to save the whales. They never intended to donate anything to save the whales. It's just sheer profit, and all the money goes into the coffers of the shareholders or the proprietors or the executives of the companies. That would be deceptive is what you're saying, right? Yes. So if they say we're doing this to comply with the law and we are only charging you at cost and we are not making any profit on this at all, we're just doing this out of the goodness of our heart and covering our costs, that would be a deceptive practice, and that's what they're saying. Is that your point? My point is that the hospitals have every right to outsource the copying, and Verisma has every right to make a profit on that outsourcing. And that, as Judge Engelmeyer said in Rudenskaya, if they did do outsourcing, then that would be the actual cost. The cost would be what it costs the hospital to outsource it so that they make a reasonable profit. Well, that's an interesting way around the whole Section 18-2, if that's lawful. But that's where the difference comes, Your Honor. If that were the case, then that would not be deceptive, per se. But what happens here is that they never have any intention of making a reasonable profit. They have to make enough profit to cover all of the free services they've promised the hospitals under the contract. So this isn't an outsourcing arrangement. It's a kickback arrangement. The hospital gives Verisma the contract because Verisma promises them all of these free services and free goods and cash back. Verisma promises them cash back if certain goals are met, that the hospitals can actually raise revenue in this way. And what I said, Your Honor, was not that the hypothetical was unfair, but what I wanted to point out is that Section 18 hasn't been repealed. Section 18 still presents the law of New York State on what New York State's intention is about selling medical records. Well, of course, that's right, Mr. Schwartz. But I think you're not understanding the point of the hypothetical, which is New York says you can't make an end run around the fact that the legislature chose not to give a private right of action by using these other statutes if the only deception boils down to a violation of Section 18. And so that's why we're asking the question, what if there were no Section 18? And if the answer is, then it would all be legal, then the cause of action boils down to Section 18 because without Section 18, it doesn't exist. That's the point of the hypothetical question. Okay, and my point, Your Honor, is that New York has stated a legislative intention of this not being a profit center for hospitals. And so what is happening here, even though there's no private right of action, that legislative intent is still there. And what they have done is they've secretly contracted to get around the statute with regard to that profit center. They intentionally deceive the patients into thinking they're being charged pursuant to a legislative cap when they know from day one that that's not what they're going to do. And the court is saying that that is fine and legal under the law. I disagree. I don't say it's fine and legal under the law. I don't know why everybody isn't in jail, but you have to ask the State Attorney General why that's happening. Well, that's why I think that general business law and equitable remedies are available to these plaintiffs to make sure that that doesn't happen. In other words, to say that- To enforce Section 18, because that's the public policy of New York. Not to enforce Section 18, but to prevent these illegal kickbacks, Your Honor. Okay, I got it. Okay. Thank you. Why don't we hear from Attorney Brown, who's got five minutes. Good morning. May it please the Court. Megan Brown on behalf of the defendant, Apolli Verisma. I think you've covered the issues extremely well. I don't think I could say it better than- The court does make a point that this case is different than the last one, because you're telling the patients that you're complying with the statute and you're not. Why is that different than saying we're going to donate our profits to save the whales when you don't? This case is not different from the last one. This is the same exact case, an issue of a complaint about overcharging of the records. As you've said, the overcharging doesn't exist in the absence of Public Health Law 18. The invoices say we're charging $0.75 a page per PHL 18, and here's your total page. PHL 18 says the cap is $0.75 a page. There's no deception there. You're paying $0.75 a page. Do you get to lie about whether you are complying with the law? It's not. I don't think it's any sort of representation of a lie or what the money is going towards. What does pair section 18 mean, then, on the invoice? That's the cap that is permitted, so that's where the $0.75 comes from. No, it's not. It's the maximum that is permitted, but it is $0.75 or your actual cost, whichever is lower. You're not entitled under the law to charge $0.75 if it only costs you $0.10. Correct. I didn't mean to state it that way, but I think it's clear from the invoice, and it's a one-line. It's not an explanation of the statute and how it applies to the records and when it would be this cost versus that cost. It's $0.75 per PHL for 300 pages. There's no representation there. There's no deception there. This goes back to your earlier point in the prior argument. They are paying for 300 pages at $0.75 a page or however many pages, and they're getting 300 pages that they paid $0.75 for. The complaint is that the $0.75 is an overcharge, and none of that conceptually exists without PHL 18. Well, that may be so, but I guess I'm still having a little trouble. Isn't there some difference between just breaking a law and telling somebody and affirming to somebody that you are engaging in conduct according to, which is what per means, that law? Well, and I don't want to be quoted out of context. I don't have the invoice in front of me if it says per. I'm not positive. I'd have to go back and look at the record to see what it says. It references PHL 18 with the $0.75, and I don't have that right in front of me. But it doesn't change the fact that the ---- Well, maybe you both can look in the mix and tell us on what page we can see a copy of these invoices because it's so important to the case. It should be in the record what it is. And my position, Judge, is that it's really not important to the case because, again, it goes back to the fact that these GBL 349 claims or an unjust enrichment claim does not exist in the absence of PHL 18. This is a classic attempt to circumvent a statute that doesn't allow for a private right of action. This is a complaint about what Pharisma or the hospital does with the money after it comes in for the records. You pay $0.75 a page for your records. You get the records at $0.75 a page. What Pharisma does with it afterwards, it's not an illegal kickback scheme. It's to your point they could have donated a wing at the hospital. Exactly, but if you say all the profits from this are going to go to our community outreach fund, you have a right to ---- you didn't have to do that. There's no obligation. You can just take the money and run if they're willing to pay $0.75 a page. There's no deception in the fact that you're making a really big profit and you use that to build a bigger yacht than Jeff Bezos's. That's fine. But if you then tell them, yeah, we're making profits, but we're donating them all to something, you didn't have any obligation to do it. But if you tell people you're going to do it, you're lying. But Pharisma didn't tell people what they were doing with the money they were making on the $0.75. They're charging $0.75 a page and didn't have an obligation to tell a consumer what the money, how it's being used for. And presumably your argument, if I'm understanding it correctly, tell me if I'm mischaracterizing it, is that even if the invoice can be read as constituting a misrepresentation that the public law with the price cap is being complied with, because the New York government has decided there shall not be a private cause of action for overcharging, that it would be sort of an unlawful workaround to say, but we will recognize a private cause of action for unjust enrichment if instead of just overcharging you say, you overcharge while saying I'm not overcharging. It winds up being the same thing. It does, Your Honor. I mean, I don't want to go so far as to concede that the invoice was in any way a misrepresentation. No, it was hypothetically. Absolutely, Judge. I would agree with that. All right. That's good. Why don't we hear from Attorney Burns. May it please the Court. Amanda Burns on behalf of the University of Rochester Strong Memorial Hospital and Highland Hospital. I wanted to go back to the point that was raised by both Plaintiff's Counsel and Verisimus Counsel with respect to the invoices. The invoices do not make an affirmative representation that PHL 18 is being complied with. There's also a mis- Do you happen to have a page citation? We were all just sort of speculating what page we might find one of these invoices. Page 39 of the Plaintiff's Brief. 39 of the Plaintiff's Brief? Yes. Good. That just gives us something to look at. Thank you. And you'll see on that page that it's merely a citation that the charge is per PHL 18. There's no reference that it's being paid. There's anything with respect to the charge being not in excess of what PHL 18 is? This is on the middle of the invoice on the left-hand side. It just says item. NYPHL 18 per page. Yes. And that is the section that sets what the charge can be. That's why they can charge anything at all because if it warranted that kind of record, if it were a patient asking for the patient's own account, you wouldn't be allowed to charge anything under federal law. Is that the point? Correct. And then that goes back to the idea that Plaintiff's allegations in this case purely rise from PHL 18. There's nothing independent here as far as deception. Moreover, the idea that if any of the profit or use of the funds that were received from that afterwards, what Plaintiff continues to call an illegal kickback, how that's used ultimately is not something that a reasonable consumer should be concerned with. There is case law that cites to that in our brief that that is not something that is then deceptive. The deceptive nature in this case is the alleged overcharge. The alleged overcharge is derivative of PHL 18. Finally, with respect to the idea that this was a deceptive, illegal kickback, again, it goes to the point, the only thing that would make this quote unquote illegal would be a violation of the law. The violation of the alleged law is PHL 18. Without that, there is no allegation. Plaintiff's counsel had talked about the fact, you know, that there was some profit or cash being received by the hospital. At the end of the day, what the hospital was receiving was courtesy copies that were then used to provide other records to patients. This is not something that's akin to the cases cited by Plaintiff in Nick's Garage or MVP. Cross subsidization in the hospital industry is not a deceptive practice. It is a common practice. Therefore, there is nothing deceptive or unjust about this arrangement. Thank you. Thank you very much. Mr. Schwartz, you've reserved two minutes for rebuttal. We'll try to hold it because it's a two-minute because we've covered a lot of ground today. We have, Your Honor, and I'm not going to recover the ground. I just wanted to add that the invoices that you now have in front of you clearly represent to the patients that they are being charged pursuant to a law that they had never had any intention of charging pursuant to. And when you look at what the general business law has been, Section 349 has been construed to be very broadly protect consumers in a variety of different ways. These consumers are being represented in the invoices that they're being charged pursuant to a statute that the defendants had no intention of proceeding with. And as a result of that, Your Honor, I believe that this is a deceptive conduct within the definition of general business law 349 and much more deceptive than many of the cases that have been upheld by this court and other courts of deceptions for fine print and gift cards and various other areas. So what we have here is a deliberate deception to convince the patients that they're being charged legally when they're not. By the way, I assume from your obvious interest in this area that you might be aware of, have there been any enforcement actions taken by the state ever under this law? Not to my knowledge, Your Honor. The state has not done that. And I don't know if you're also in the- But Your Honor, I just wanted to add that the state has no idea of what these underlying contracts say either. These underlying contracts are- It is now, Your Honor. You can complain to the Attorney General. And we will do that. And I guess what I'm wondering is, I don't know if you're also in the malpractice business, but is this still going on? If you were a lawyer who wanted to get some medical records from either of these hospitals that are involved in these cases, to the best of your knowledge, they'd still be charging you $0.75 a page? They are still holding to this, unless you go through a separate process where you have the patient actually individually make the request, and then the records get sent to the patient where there's a different cost limit under the HITECH Act. Okay. Okay. Thank you very much. Thank you. We have your arguments, and we will take this as all of the cases today under advisement.